**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3290
_____

AGIM REXHAJ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-527-698)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2012

Before:  AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed:  March 14, 2012)
_____

OPINION
_____

PER CURIAM

        Agim Rexhaj petitions for review of the Board of Immigration Appeals's

("BIA") order denying his motion to reopen his immigration proceedings.  For the

reasons that follow, we will deny the petition for review.

I

Rexhaj is a native of Yugoslavia and a citizen of Kosovo. He was placed in removal proceedings in 2007 for entering the United States without inspection. At the December 2008 hearing before the Immigration Judge ("IJ"), Rexhaj conceded removability, but sought asylum, withholding of removal, and protection under the Convention Against Torture. In support of his application, Rexhaj contended that he and his family faced hardships prior to and during the 1998 war in Kosovo; that he was threatened by Albanians from 2004 to 2006 because the company he worked for built homes for ethnic minorities in Kosovo and because he was a member of the Democratic League of Kosovo ("DLK") political party; and that on one occasion in 2007, he was beaten by a group of men because of his association with the DLK. He also claimed that six of his relatives were murdered for their association with the DLK.

The IJ denied relief, finding Rexhaj incredible because of unexplained inconsistencies in his claim: although his asylum application stated generally that he was attacked by a group of masked persons, he embellished his claim during cross-examination and on re-direct, explaining that the attackers specifically mentioned that they opposed Rexhaj's affiliation with the DLK and considered him

2

a traitor, and that they wore the insignia of the Albanian National Army ("ANA"), a paramilitary group. In the alternative, the IJ concluded that even if Rexhaj was credible, he had not met his burden of proof. The BIA dismissed Rexhaj's appeal, agreeing with the IJ on all grounds. Rexhaj filed a petition for review, which this Court dismissed as untimely. See Rexhaj v. Att'y Gen., C.A. No. 10-4469 (order entered Jan. 11, 2011).

Later that month, Rexhaj filed a motion to reopen the immigration proceedings with the BIA. In that motion, Rexhaj presented purportedly new evidence relating to conditions in Kosovo: (1) an updated asylum application and statement; (2) letters from his wife and father alleging that they had recently been threatened and assaulted by ANA members, who continue to ask about Rexhaj's whereabouts; (3) three articles related to his cousins' murders; and (4) four articles about the ANA and its activities in Kosovo. The BIA denied the motion to reopen, reasoning that Rexhaj's evidence was either previously available or failed to demonstrate his eligibility for relief. Rexhaj now petitions for review of that order.

II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of the motion to reopen for abuse of discretion. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). Under that standard, the BIA's decision will not

3

be disturbed unless it was "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (quotation marks and citation omitted).

"A motion to reopen proceedings shall not be granted unless it appears to the Board [of Immigration Appeals] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). Further, a motion to reopen must demonstrate prima facie eligibility for asylum. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). The prima facie case standard requires the applicant to demonstrate a reasonable likelihood that he can establish eligibility for relief. See id. (quoting Sevoian, 290 F.3d at 175). In denying the motion to reopen, the BIA reasoned that Rexhaj's evidence failed to satisfy these requirements.

The BIA first noted that Rexhaj's updated asylum statement and the letters from his wife and father, though previously unavailable, did not bear on his eligibility for relief. That is, because none of those documents addressed the inconsistencies in Rexhaj's original asylum claim, the evidence did not call into question the adverse credibility determination that barred Rexhaj from obtaining relief. The BIA further reasoned that the letters neither explained why ANA members continue to look for Rexhaj in Kosovo nor demonstrated changed country conditions there, given that Rexhaj and his family had already allegedly been

4

threatened and harassed. Our review of the administrative record does not lead to the conclusion that the BIA's determination was arbitrary, irrational, or contrary to the law in that regard.

Turning to the articles Rexhaj submitted describing his cousins' murders, the BIA noted that the articles were either previously available or did not bear on Rexhaj's eligibility for relief. We agree. Of the three articles, two were published in 2006 -- two years before Rexhaj's removal hearing. And the third article, which was undated, did not present information that the IJ was unaware of. Indeed, in the original proceedings, the IJ specifically acknowledged that Rexhaj's cousins had been killed, but ultimately concluded that Rexhaj's evidence was insufficient to meet his burden of proof.

Finally, the BIA reasoned that Rexhaj's four background articles on the ANA were insufficient to warrant reopening. Again, we agree. Three of the articles were written before Rexhaj's removal hearing, and thus were previously available. The final article, a Wikipedia entry on the ANA, refers to only one incident that occurred after Rexhaj's removal hearing. It describes an April 2010 terrorist attack by the ANA on a Macedonian policeman -- a fact that the BIA plausibly reasoned did not bear on Rexhaj's claim that the ANA continues to persecute DLK members.

Relatedly, Rexhaj asks this Court to take judicial notice of two articles from October 2011 describing unsafe conditions in Kosovo. However, our review is limited to the evidence in the administrative record. See Yu v. Att'y Gen., 513 F.3d 346, 349 n.2 (3d Cir. 2008) (citing 8 U.S.C. § 1252(b)(4)(A)).

In sum, we perceive no abuse of discretion in the BIA's denial of Rexhaj's motion to reopen. Accordingly, we will deny the petition for review.