**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3837
_____

AGIM REXHAJ,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-527-698)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2014

Before: AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: July 3, 2014)
_____

OPINION
_____

PER CURIAM

Agim Rexhaj petitions for review of the Board of Immigration Appeals' (BIA or Board) order denying his motion to reopen his immigration proceedings. For the reasons that follow, we will deny the petition for review.

Rexhaj, a native of the former Yugoslavia and citizen of Kosovo, entered the United States without inspection in 2007, and was placed in removal proceedings. Rexhaj conceded removability but sought asylum, withholding of removal, and protection under the United Nations Convention Against Torture, claiming that he was persecuted because he helped build homes for ethnic minorities in Kosovo and because he was a member of the Democratic League of Kosovo (LDK), a political party. In support of his application, Rexhaj contended that members of the Albanian National Army (ANA), an extremist group, threatened him, beat him on one occasion, and murdered six of his relatives.

The Immigration Judge (IJ) denied relief in December 2008, finding that Rexhaj was not credible and that, in any event, he had not met his burden of proof. The BIA dismissed Rexhaj's appeal in October 2010, agreeing with the IJ on all grounds. Rexhaj submitted a petition for review, which we dismissed because it was untimely filed. Rexhaj v. Att'y Gen., C.A. No. 10-4469 (order entered Jan. 11, 2011). Thereafter, Rexhaj filed a motion to reopen, presenting purportedly new evidence. The BIA denied that motion, reasoning that Rexhaj's evidence was either previously available or failed to

2

demonstrate his eligibility for relief.  Rexhaj filed a petition for review, which we denied.  Rexhaj v. Att'y Gen., 466 F. App'x 144 (3d Cir. 2012) (not precedential).

Rexhaj filed another motion to reopen in July 2013.  The Board denied the motion, holding that it was untimely and number-barred, and that Rexhaj failed to establish the exception to those limitations based on changed circumstances in Kosovo.  The BIA further noted that even if Rexhaj satisfied that exception, he did not demonstrate prima facie eligibility for relief, in part because he did "not address the adverse credibility finding . . . regarding the harm he claimed to have received from the [ANA]."  Rexhaj filed a timely petition for review.  The Government's "Motion for Summary Affirmance" of the BIA's decision, construed as a motion to summarily deny the petition for review, has been referred to this Panel.

We have jurisdiction pursuant to Immigration and Nationality Act (INA) § 242(a) [8 U.S.C. § 1252(a)].  The decision to deny a motion to reopen is reviewed for abuse of discretion.  Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006).  Under this standard, the BIA's decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (quotation marks and citation omitted).  An alien may file only one motion to reopen with the BIA and must do so within 90 days of the date of entry of a final administrative order of removal.  INA § 240(c)(7)(C)(i) [8 U.S.C. § 1229a(c)(7)(C)(i)]; 8 C.F.R. § 1003.2(c)(2).  These limitations do not apply, however, to motions to reopen seeking asylum or withholding of removal based on changed circumstances arising in the country of nationality, if such

3

evidence is material and was not available and could not have been discovered or presented at the previous proceeding. 8 C.F.R. § 1003.2(c)(3)(ii); see also INA § 240(c)(7)(C)(ii) [8 U.S.C. § 1229a(c)(7)(C)(ii)]; Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008). The "previous proceeding" refers to the hearing before the Immigration Judge. Filja, 447 F.3d at 253.

We conclude that the motion to reopen filed by Rexhaj in July 2013 was untimely and number-barred. In addition, we agree with the BIA that the evidence Rexhaj submitted with his motion to reopen was insufficient to demonstrate changed circumstances in Kosovo. That evidence included the following items: a personal statement; an affidavit by Bernd J. Fischer, a professor of Balkan history; statements from Rexhaj's wife and father; news articles; the 2012 State Department Human Rights Report for Kosovo; and copies of family members' identification documents. In support of his motion, Rexhaj alleged that there has been an "obvious surge in ethnic violence since this Honorable Board last reviewed [his] case." In particular, he alleged that his wife and children were threatened because they refused to reveal his whereabouts. According to Rexhaj, these threats occurred in September 2010, May 2011, and January 2012. Notably, however, Rexhaj's original asylum application and first motion to reopen relied on threats against his family, and the affidavits of his wife and father do not specify whether the threats that they mention are new. Moreover, the affidavits identify the people making the threats only as "unknown persons," fail to explain why ANA members

4

would continue to look for Rexhaj, and do not otherwise provide information regarding changed country conditions in Kosovo.

Professor Fischer's affidavit's describes an "unstable situation in Kosovo," but it does not indicate that the unfavorable conditions in that country have significantly worsened since the original hearing before the IJ. Moreover, the Human Rights Report and news articles do not describe any significant changes that would warrant reopening. Rather, as the BIA noted, that evidence "show[s] that ethnic tensions continue to exist in Kosovo[, that] the ANA continues to operate in that country, and that human rights problems also continue." Furthermore, the BIA did not abuse its discretion in determining that Rexhaj failed to establish that he is prima facie eligible for relief. His motion to reopen was based on the same claims that the IJ found incredible, and Rexhaj has made no effort to cast doubt on the original adverse credibility determination. See Khan v. Att'y Gen., 691 F.3d 488, 497 (3d Cir. 2012) (holding that the BIA may rely on a prior adverse credibility determination when there is a "sufficient nexus" with the current claim); see also Lin v. Att'y Gen., 700 F.3d 683, 688 & n.3 (3d Cir. 2012).

In sum, we perceive no abuse of discretion in the BIA's denial of Rexhaj's second motion to reopen. Accordingly, we will deny the petition for review.[1]

---

[1] The Government's "Motion for Summary Affirmance" is denied.